Bruce G. MacIntyre, WA Bar No. 18984
BMacIntyre@perkinscoie.com
**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
*Pro hac vice*

Ed Wes, CA Bar No. 180252
EWes@perkinscoie.com
**Perkins Coie LLP**
101 Jefferson Drive
Menlo Park, CA 94025-1114
Telephone: 650.838.4300
Facsimile: 650.838.4350

Attorneys for Debtor and Debtor-in-Possession
Tripath Technology, Inc.

**The following constitutes**
**the order of the court. Signed February 01, 2008**

*Marilyn Morgan*
**Marilyn Morgan**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re | CASE NO. 07-50358 (MM) |
| TRIPATH TECHNOLOGY. INC., | Chapter: Chapter 11 |
| Debtor. | |

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER**
**UNDER 11 U.S.C. § 1129(a) AND (b) AND FED R. BANKR. P. 3020**
**CONFIRMING PLAN PROPONENTS' THIRD AMENDED PLAN OF**
**REORGANIZATION OF**
**TRIPATH TECHNOLOGY, INC**

The hearing on confirmation of the Third Amended Plan of
Reorganization Dated December 20, 2007 (Docket No. 258) (the "Plan"), a copy of
which was filed with the Bankruptcy Court on January 29, 2008 (Docket No. 304),
proposed by Tripath Technology, Inc. (the "Debtor") and Enable Growth Partners, L.P.,
for itself and as agent for the Secured Parties (the "Agent" and, together with the Debtor,
the "Plan Proponents") came on before the Bankruptcy Court on January 24, 2008 at

11:00 a.m. before the Honorable Marilyn Morgan, United States Bankruptcy Judge for the Northern District of California. Appearances are noted on the record.[1] Upon the Bankruptcy Court's consideration of (i) the Plan; (ii) the Disclosure Statement, (iii) the Plan Proponents' Plan Supplement dated December 28, 2007 (Docket No. 270) (including the conforming modification attached hereto as Exhibit A), (iv) the Declaration of Corina Rachina Regarding Results of Balloting (the "Rachina Declaration") (Docket No. 280), (v) the objection of David S. Rajpurohit to the Plan (Docket No. 273) and the Plan Proponents' Response to Shareholder's Confirmation Objections and Brief in Support of Confirmation of the Plan (Docket No. 281) (the "Confirmation Brief"), (vi) the Notice of Entry of the Disclosure Statement Order and related notice of the Confirmation Hearing, (v) the evidence proffered and/or admitted into evidence at the hearing before the Bankruptcy Court conducted on January 24, 2008 (the "Confirmation Hearing") and the arguments made thereat, and (vi) the entire record of this Chapter 11 Case; and after due deliberation thereon and good and sufficient cause appearing therefore,

**THE BANKRUPTCY COURT HEREBY FINDS AND CONCLUDES THAT** (the following, the "Findings of Fact and Conclusions of Law"):[2]

A. Exclusive Jurisdiction; Venue; Core Proceeding (28 U.S.C. §§ 157(b)(2)and 1334(a)). On February 8, 2007, the Debtor filed its petition under Chapter 11 of the Bankruptcy Code. The Debtor was and is qualified to be a debtor under U.S.C. § 109. The Bankruptcy Court has jurisdiction over the Case and Plan confirmation and

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan or the Bankruptcy Court's December 20, 2007 Order (A) Approving the Adequacy of the Plan Proponents' Third Amended Disclosure Statement; (B) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Plan Proponents' Third Amended Plan of Reorganization for the Debtor, (C) Scheduling a Hearing on Confirmation of the Plan and (D) Approving Related Notice Procedures (the "Disclosure Statement Order").

[2] These Findings of Fact and Conclusions of Law constitute the Bankruptcy Court's findings of fact and conclusions of law under Fed. R. Civ. Proc. 52, made applicable to this proceeding by Bankruptcy Rules 9014 and 7052. Any finding of fact shall constitute a finding of fact even if it is stated as a "Conclusion of Law," and any conclusion of law shall constitute a conclusion of law even if it is stated as a "Finding of Fact." Any findings of fact and conclusions of law made by the Bankruptcy Court on the record of the Confirmation Hearing are also incorporated herein by this reference.

Case: 07-50358    Doc# 305    Filed: 02/01/08    Entered: 02/01/08 16:06:00    Page 2 of 23

all transactions contemplated thereby pursuant to 28 U.S.C. §§ 157 and 1334. Venue of the Case is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a "core" proceeding under 28 U.S.C. § 157(b)(2), and the Bankruptcy Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

        B.      <u>Solicitation Procedures Order</u>. On December 20, 2007, the Bankruptcy Court entered the Disclosure Statement Order that, among other things, (i) approved the Disclosure Statement as containing adequate information within the meaning of section 1125 of the Bankruptcy Code and Fed. R. Bankr. P. 3017 and 2002(c)(3), (ii) fixed January 24, 2008 as the date for the commencement of the Confirmation Hearing, (iii) approved the form and method of notice of the Confirmation Hearing, and (iv) established certain procedures for soliciting and tabulating votes with respect to the Plan.

        C.      <u>Transmittal Of Solicitation Materials</u>. A Certificate of Service of the Solicitation Materials was filed with the Bankruptcy Court [Docket No. 271] which establishes that on December 26, 2007, in accordance with Fed. R. Bankr. P. 3017(d), (e) and (f) and the Disclosure Statement Order, the Plan Proponents caused IKON Offices Solutions, Inc. to transmit to all known holders of Claims against or Interests in the Debtor and other parties in interest: (i) the Notice of Entry of Disclosure Statement Order, (ii) as to holders of Claims in Class 2, Class 3 and Class 4 under the Plan, a paper Ballot for accepting or rejecting the Plan, and (iii) a CD-Rom containing (1) the Disclosure Statement Order, (2) the Disclosure Statement, and (3) the Plan (collectively, the "<u>Solicitation</u> <u>Materials</u>").

        D.      <u>Transmittal And Mailing Of Materials; Notice</u>. Due, adequate, and sufficient notice of the Disclosure Statement and Plan and of the Confirmation Hearing, as well as all deadlines for voting on or filing objections to the Plan, has been given to all known holders of Claims and Interests and other parties in interest in accordance with

Confirmation Order      -3-
64011-0001/LEGAL13911782.2
Case: 07-50358   Doc# 305   Filed: 02/01/08   Entered: 02/01/08 16:06:00   Page 3 of 23

Fed. R. Bankr. P. 2002(b), 3017(d), (e), and (f), and the procedures set forth in the Disclosure Statement Order, and no other or further notice is or shall be required. The Bankruptcy Court further finds that the legal and factual bases set forth in the Confirmation Brief and as demonstrated at the Confirmation Hearing establishes just cause for confirmation of the Plan.

E. <u>Solicitation</u>. Votes for acceptance or rejection of the Plan were solicited in good faith and complied with sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 3017 and 3018, the Disclosure Statement, the Plan, all other applicable provisions of the Bankruptcy Code, and all other applicable rules, laws, and regulations.

F. <u>Ballots</u>. Based on the evidence in the record, including but not limited to the Rachina Declaration and the Certificate of Service of the Solicitation Materials, the Bankruptcy Court finds that the procedures used to distribute Solicitation Materials to the applicable holders of Claims and Interests and other parties in interest and to tabulate the Ballots were fair and conducted in accordance with the Plan, the Disclosure Statement Order, the Bankruptcy Code, the Bankruptcy Rules and the local rules of the Bankruptcy Court for the Northern District of California.

G. <u>Certificate of Ballots</u>. The Disclosure Statement Order fixed January 17, 2008 as the last day for voting on the Plan. On January 18, 2008, the Plan Proponents filed the Rachina Declaration, certifying the method and results of the Ballot tabulation for each of the Voting Classes voting to accept or reject the Plan. The results of the Ballot tabulation are accepted by the Bankruptcy Court as properly classifying and counting the acceptances and rejections of the Plan filed by Creditors and Interest holders and there were no objections to the ballot summaries.

H. <u>Unimpaired Classes; Impaired Classes That Have Voted To Accept The Plan</u>. As evidenced by the Rachina Declaration, pursuant to the requirements of sections 1124 and 1126 of the Bankruptcy Code, at least one impaired Class of Claims,

determined without including any acceptance by an insider of any of the Debtor, has voted to accept the Plan. Therefore, the Debtor has satisfied this requirement. Further, all impaired Classes entitled to vote on the Plan have accepted the Plan in both number and amount, and therefore the Debtor has satisfied Section 1126 of the Bankruptcy Code. Class 1 is unimpaired under the Plan and is deemed to have accepted the Plan.

I.     Classes Deemed To Have Rejected The Plan. Holders of Interests in Class 5 are not entitled to receive any distribution under the Plan on account of their Interests. Pursuant to section 1126(g) of the Bankruptcy Code, Class 5 is conclusively presumed to have rejected the Plan, and votes from those interest holders therefore were not solicited.

J.     Burden Of Proof. The Plan Proponents have met their burden of proving the elements of sections 1129(a) and (b) of the Bankruptcy Code, by a preponderance of the evidence, which is the applicable evidentiary standard.

K.     Plan Compliance With Bankruptcy Code (11 U.S.C. § 1129(a)(1)). The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

i.     Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1)). In addition to Administrative Claims and Priority Tax Claims (which are not required to be classified), Article II of the Plan designates four (4) Classes of Claims and one (1) Class of Interests. The Claims and Interests placed in each Class are substantially similar to other Claims or Interests in each such Class, and such Classes do not unfairly discriminate between holders of Claims or Interests. Thus, the Plan adequately and properly classifies all Claims and Interests to be classified and therefore satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

ii.     Specification Of Unimpaired Classes (11 U.S.C. § 1123(a)(2)). Article 2.3 of the Plan specifies the Classes of Claims that are unimpaired and Article 3.1 of the Plan specifies the treatment of the unimpaired Classes. The Plan adequately

specifies and classifies the treatment of each unimpaired Class and thus, the Plan satisfies section 1123(a)(2) of the Bankruptcy Code.

        iii.    <u>Specification Of Treatment Of Impaired Classes (11 U.S.C. 1123(a)(3))</u>.  Article 2.5 of the Plan specifies the Classes of Claims and Interests that are impaired under the Plan.  Article III of the Plan adequately specifies and classifies the treatment of Claims and Interests in all such Classes.  Thus, the Plan satisfies section 1123(a)(3) of the Bankruptcy Code.

        iv.    <u>No Discrimination (11 U.S.C. § 1123(a)(4))</u>.  The Plan provides for the same treatment for each Claim in each respective Class unless the holder of a particular Claim has agreed to less favorable treatment with respect to such Claim.  Thus, the Plan satisfies section 1123(a)(4) of the Bankruptcy Code.

        v.    <u>Implementation Of Plan (11 U.S.C. § 1123(a)(5))</u>.  The Plan provides adequate and proper means for implementation of the Plan, including, without limitation, (i) the continued corporate existence of the Debtor, (ii) the corporate constituent documents that will govern the Reorganized Debtor after the Effective Date, (iii) issuance of the New Common Stock, (iv) the creation of the Post-Effective Date Estate, (v) the appointment of the Disbursing Agent, and (vi) consummation of the Merger Transaction.  Thus, the Plan satisfies section 1123(a)(5) of the Bankruptcy Code. The Plan contains other provisions for implementation that are reasonable and otherwise consistent with Sections 1123(a)(7) and 1123(b) of the Bankruptcy Code.  Moreover, the Debtor will have sufficient cash to make all payments required to be made on the Effective Date pursuant to the terms of the Plan.

        vi.    <u>Prohibition Against Issuance Of Non-Voting Equity Securities And Provisions For Voting Power Of Classes Of Securities (11 U.S.C. § 1123(a)(6))</u>. Article 6.6(a) of the Plan provides that the articles of incorporation of the Reorganized Debtor will comply with section 1123(a)(6) of the Bankruptcy Code, including a provision prohibiting the issuance of non-voting equity securities (to the extent required

Confirmation Order       -6-

by 11 U.S.C. § 1123(a)(6)). Such statutory provisions have been incorporated into the articles of incorporation of the Reorganized Debtor, as set forth in Exhibit B to the Plan Supplement.

vii. Selection Of Officers And Directors (11 U.S.C. 1123(a)(7)). In Article 6.6(b) and Exhibit 2 of the Plan, the Plan Proponents properly and adequately disclosed the identity and affiliations of all individuals or entities proposed to serve on or after the Effective Date as officers or directors of the Reorganized Debtor. The appointment or employment of such individuals are consistent with the interests of Claim and Interest holders and with public policy. Thus, section 1123(a)(7) of the Bankruptcy Code is satisfied.

viii. Additional Plan Provisions (11 U.S.C. § 1123(b)). The Plan's provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code, including, without limitation, provisions for (i) distributions to holders of Claims and Interests, (ii) the disposition of executory contracts and unexpired leases, and (iii) approval of and authorization for entrance into the Merger Documents. The Plan complies with 11 U.S.C. § 1123(b).

ix. Fed. R. Bankr. P. 3016(a). The Plan is dated and identifies the entities submitting it, thereby satisfying Fed. R. Bankr. P. 3016(a).

L. Plan Proponents Compliance With Bankruptcy Code (11 U.S.C. § 1129(a)(2)). The Plan Proponents have complied with the applicable provisions of the Bankruptcy Code, including sections 1125 and 1126, and Fed. R. Bankr. P. 3017, 3018 and 3019, thereby satisfying section 1129(a)(2) of the Bankruptcy Code. Specifically, the Debtor is a proper debtor under section 109 of the Bankruptcy Code and the Plan Proponents are proper proponents of the Plan under section 1121(a) of the Bankruptcy Code. The Debtor has complied with the applicable provisions of the Bankruptcy Code during the Case, including as provided or permitted by orders of the Bankruptcy Court. The Plan Proponents have complied with the applicable provisions of the Bankruptcy

Case: 07-50358   Doc# 305   Filed: 02/01/08   Entered: 02/01/08 16:06:00   Page 7 of 23

Code, the Bankruptcy Rules, and the Disclosure Statement Order in transmitting the Plan, the Disclosure Statement, the Ballots, and related documents and notices, and in soliciting and tabulating votes on the Plan.

M.     Plan Proposed In Good Faith (11 U.S.C. 1129(a)(3)).  The Plan has been proposed in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code.  In determining that the Plan has been proposed in good faith, the Bankruptcy Court has examined the totality of the circumstances surrounding the filing of the Case and the formulation of the Plan.

N.     Payments For Services Or Costs And Expenses (11 U.S.C. § 1129(a)(4)).  Any payment made or to be made by the Debtor for services or for costs and expenses in connection with the Case, including all Administrative Expense Claims under sections 503 and 507 of the Bankruptcy Code, or in connection with the Plan and incident to the Case, has been approved by, or is subject to the approval of, the Bankruptcy Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.  Any amounts allocated by the Debtor for the payment of such services, costs, and expenses, or any recoveries or disgorgements subsequently ordered by the Bankruptcy Court on account of payments to professionals prior to final allowance of such amounts shall constitute assets owned exclusively by the Post-Effective Date Estate except as may otherwise be expressly provided in the Plan.

O.     Directors, Officers, And Insiders (11 U.S.C. § 1129(a)(5)).  The Plan Proponents have complied with section 1129(a)(5) of the Bankruptcy Code and have disclosed the initial officers and directors of the Reorganized Debtor.  The appointment to such office or as a director of each such individual is consistent with the interests of holders of Claims and Interests, and with public policy.  Accordingly, the requirements of section 1129(a)(5) of the Bankruptcy Code have been met.

P.     No Rate Changes (11 U.S.C. § 1129(a)(6)).  Section 1129(a)(6) of the Bankruptcy Code is satisfied because the Plan does not provide for any change in

Case: 07-50358    Doc# 305    Filed: 02/01/08    Entered: 02/01/08 16:06:00    Page 8 of
23

rates over which a governmental regulatory commission has jurisdiction.

Q.    Best Interests Test (11 U.S.C. § 1129(a)(7)).    The Plan satisfies section 1129(a)(7) of the Bankruptcy Code.  The liquidation analysis in Exhibit B to the Disclosure Statement and other evidence proffered or adduced at the Confirmation Hearing (1) are persuasive and credible as of the dates such evidence was prepared, presented, or proffered, (2) have not been challenged, (3) are based upon reasonable and sound assumptions, (4) provide a reasonable estimate of the liquidation values of the Debtor upon conversion to a case under chapter 7 of the Bankruptcy Code, and (5) establish that each holder of a Claim or Interest in an Impaired Class that has not accepted the Plan will receive or retain under the Plan, on account of such Claim or Interest, property of a value, as of the Effective Date of the Plan, that is not less than the amount that it would receive if the Debtor was liquidated under chapter 7 of the Bankruptcy Code on such date.

R.    Acceptance By Impaired Classes (11 U.S.C. § 1129(a)(8)).    Class 1 is unimpaired under the Plan.    Accordingly, pursuant to Section 1126(f) of the Bankruptcy Code, Class 1 is deemed to have accepted the Plan, and solicitation of acceptances with respect to Class 1 is, therefore, not required.    All voting impaired Classes have voted to accept the Plan.    Further, Class 5 is deemed to have rejected the Plan and, accordingly, confirmation is sought pursuant to 11 U.S.C. § 1129(b).

S.    Treatment Of Administrative And Priority Tax Claims (11 U.S.C. § 1129(a)(9)).    The treatment of Administrative Expense Claims under the Plan satisfies the requirements of section 1129(a)(9)(A) and (B) of the Bankruptcy Code, and the treatment of Priority Tax Claims under the Plan satisfies the requirements of section 1129(a)(9)(C) of the Bankruptcy Code.

T.    Acceptance By Impaired Class (11 U.S.C. § 1129(a)(10)).    Each impaired voting Class of Claims has voted to accept the Plan, determined without including any acceptance of the Plan by any "insiders" as such term is defined in 11

U.S.C. § 101(31). Thus, the Plan satisfies section 1129(a)(10) of the Bankruptcy Code.

U. Feasibility (11 U.S.C. § 1129(a)(11)). The Plan satisfies section 1129(a)(11) of the Bankruptcy Code. The financial projections in Exhibit G to the Disclosure Statement and other evidence proffered or adduced at the Confirmation Hearing (1) are persuasive and credible, (2) have not been controverted by other evidence, and (3) establish that upon consummating the Merger Transaction the Plan is feasible and that confirmation of the Plan is not likely to be followed by the liquidation or the need for further financial reorganization of the Debtor or the Reorganized Debtor.

V. Payment Of Fees (11 U.S.C. § 1129(a)(12)). The Debtor has paid, or pursuant to Article 3.1(c) of the Plan will pay, by the Effective Date, fees payable under 28 U.S.C. § 1930 plus accrued interest under 31 U.S.C. § 3717. Thus, the Plan satisfies section 1129(a)(12) of the Bankruptcy Code.

W. Continuation Of Retiree Benefits (11 U.S.C. § 1129(a)(13)). Section 1129(a)(13) of the Bankruptcy Code is satisfied because the Debtor is not obligated to pay retiree benefits and has no retiree benefits which must be accounted for or continued.

X. Non-Applicability Of Section 1129(a)(14). The Debtor is not required to pay a domestic support obligation and, therefore, 11 U.S.C. § 1129(a)(14) is inapplicable.

Y. Non-Applicability Of Section 1129(a)(15). The Debtor is not an individual and 11 U.S.C. § 1129(a)(15) is inapplicable.

Z. Non-Applicability Of Section 1129(a)(16). Section 1129(a)(16) does not apply because the Debtor is a moneyed, business or commercial corporation or limited liability company.

AA. Section 1129(b)-Confirmation Of The Plan Over Nonacceptance Of Impaired Class. All voting impaired Classes voted to accept the Plan. Holders of Interests in Class 5 are conclusively deemed to have rejected the Plan. Pursuant to

section 1129(b) of the Bankruptcy Code, the Plan may be confirmed notwithstanding the deemed rejection of the Plan by Class 5. All of the requirements of section 1129(a) of the Bankruptcy Code, other than section 1129(a)(8), with respect to Class 5, have been met. With respect to Class 5, the Plan is fair and equitable and does not discriminate unfairly against the holders of Class 5 Interests by operation of the absolute priority rule of section 1129(b)(2)(C)(ii) of the Bankruptcy Code or otherwise, and is fair and equitable with respect to such Class. Specifically, holders of Class 5 Interests are statutorily barred from receiving or retaining property under the Plan because all senior Classes of Creditors (*i.e.*, Class 2, 3 and 4) are not being paid in full. Accordingly, the Plan is fair and equitable and does not discriminate unfairly, as required by section 1129(b) of the Bankruptcy Code, and section 1129(b) of the Bankruptcy Code therefore is satisfied.

BB. <u>Principal Purpose Of Plan (11 U.S.C. § 1129(d))</u>. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933 (15 U.S.C. § 77e). Accordingly, the Plan satisfies the requirements of section 1129(d) of the Bankruptcy Code.

CC. <u>Good Faith Solicitation (11 U.S.C. § 1125(e))</u>. Each of the Plan Proponents, the Debtor, the Estate, the Secured Parties, the Reorganized Debtor and Etelos (to the extent involved in the solicitation process), and their respective agents, representatives, officers, directors, attorneys, and advisors, and other Persons involved in the solicitation process, have solicited votes on the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code and the Disclosure Statement Order, and they are each entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and the exculpation provisions set forth in Section 9.3 of the Plan.

DD. <u>The Reorganized Debtor Will Not Be Insolvent Nor Left With Unreasonably Small Capital</u>. As of the occurrence of the Effective Date and after taking into account the transactions contemplated by the Plan, (b) the Reorganized Debtor's capital is not unreasonably small in relation to its business or any contemplated or

Case: 07-50358     Doc# 305     Filed: 02/01/08     Entered: 02/01/08 16:06:00     Page 11 of 23

undetaken transaction.

EE.    **Conditions To The Effective Date Of The Plan**.  The conditions to the Effective Date are set forth in Article 6.2 of the Plan.  Certain conditions to the Effective Date set forth in Article 6.2 of the Plan shall be subject to waiver as set forth in section 6.3 of the Plan, without any further notice to parties-in-interest or the Bankruptcy Court and without a hearing except as otherwise provided in section 6.3 of the Plan. Additional conditions to consummation of the Merger Transaction are set forth in the Merger Documents.

FF.    **Retention Of Jurisdiction**.  The Bankruptcy Court properly may retain jurisdiction over the matters set forth in Article X of the Plan.

GG.    **Merger And Other Documents**.  The Plan Proponents have made adequate and sufficient disclosure of (1) the adoption of new or amended and restated certificates of incorporation and bylaws or similar constituent documents for the Reorganized Debtor, (2) the distributions to be made pursuant to the Plan, (3) the issuance for distribution, in accordance with the terms of the Plan, of the New Common Stock and Post-Confirmation Assets, and (4) the agreement and plan of merger and the other Merger Documents effectuating the Merger Transaction.

HH.    **Merger Transaction**.  The Merger Transaction, as memorialized in the Plan and the Plan Supplement and the Merger Documents, is essential to the Plan and provides material and substantial consideration to the Post-Effective Date Estate to provide meaningful  distributions to Creditors that would be impossible to deliver without the Merger Transaction.  The Merger Transaction is fair and reasonable and in the best interests of the Debtor, Creditors and the Estate.

II.    **Releases And Discharges**.  The discharge, release and exculpation provisions set forth in Article IX of the Plan comply with the applicable requirements of the Bankruptcy Code.

JJ.    **Distributions of New Common Stock**.  The issuance and distribution of the

New Common Stock to holders of Claims in Class 2 and Class 3 as contemplated by the Plan, constitutes the offer of sale of a security of the Debtor, or an affiliate participating in a joint plan with the Debtor or a successor to the Debtor under the Plan, and are exempt from the requirements of section 5 of the Securities Act of 1933, as amended (the "Securities Act"), and any other federal, state or local law securities registration requirements by virtue of section 1145 of the Bankruptcy Code.  Without limiting the foregoing, pursuant to Section 1145(a)(1) of the Bankruptcy Code, the offering, issuance and distribution of the New Common Stock to Class2 and Class 3 pursuant to the Plan shall be exempt from Section 5 of the Securities Act and any state or local law requiring registration prior to the offering, issuance, distribution or sale of securities.  All New Common Stock to be issued pursuant to the Plan to the Holders of Allowed Claims in Class 2 and Class 3 shall be issued by the Reorganized Debtor to the Holder of such Claim for which such securities are to be issued under the Plan; provided, however, that initial delivery of the certificates representing such New Common Stock are to be delivered by the Reorganized Debtor to the Agent and Disbursing Agent as provided in the Plan, which persons shall thereafter deliver such shares to the Holders of Allowed Claims in Class 2 and Class 3, respectively, in accordance with the Plan, and the foregoing shall be exempt from registration as provided above.  The Disbursing Agent shall hold such securities for the benefit of Class 3, and shall not take title to, or otherwise acquire an ownership interest in, any such securities.

      KK.     Application of Bankruptcy Code Section 1146(a).  The Bankruptcy Court finds that sales of the Debtor's assets as previously approved by the Bankruptcy Court were essential to the formulation and structure of the Plan and as such qualify as transfers under a plan confirmed under section 1129 of the Bankruptcy Code.

Case: 07-50358   Doc# 305   Filed: 02/01/08   Entered: 02/01/08 16:06:00   Page 13 of 23

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:**

1.     Confirmation.   The Plan, in all respects, including the Non-Material Modification annexed to this Confirmation Order as Exhibit B, is hereby approved and confirmed under section 1129 of the Bankruptcy Code.  The exhibits to the Plan and the Plan Supplement (as may be modified pursuant to the terms of the Plan and/or such exhibit, as applicable) are incorporated by reference into and comprise an integral part of the Plan and this Confirmation Order.

2.     Authorization To Consummate Plan.   Notwithstanding Bankruptcy Rule 3020(e), but subject to Articles 6.6 and 11.2 of the Plan, the Bankruptcy Court authorizes the Debtor, through the Responsible Individual, to consummate the Plan upon entry of this Confirmation Order.  The Debtor, through the Responsible Individual, is authorized to execute, acknowledge, file, record and deliver, as necessary and appropriate to consummate the Plan, *inter alia*, any and all documents (including the Merger Documents) and to take such other actions as may be reasonably necessary to perform the terms and provisions of the Plan and the Merger Transaction.  If there is any conflict between the terms of the Plan and the terms of this Confirmation Order, the terms of this Confirmation Order shall control.

3.     Effects Of Confirmation; Immediate Effectiveness; Successors And Assigns.   The stay provided by Bankruptcy Rule 3020(e) shall not apply to this Confirmation Order.  Subject to the provisions of Articles 6.2 and 11.2 of the Plan, and notwithstanding any otherwise applicable law, immediately upon the entry of this Confirmation Order, the terms of the Plan (including the Plan exhibits and Plan Supplement) and this Confirmation Order shall be deemed binding upon (a) the Plan Proponents, (b) the Reorganized Debtor, (c) Etelos (subject to entry into the Merger Documents and the Merger Transaction becoming effective), (d) all holders of Claims against and Interests in the Debtor, whether or not Impaired under the Plan, (e) any other

party-in-interest, (f) any Person making an appearance in this Case, and (g) each of the foregoing's respective heirs, successors, assigns, trustees, executors, administrators, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, or guardians. The Effective Date of the Plan shall be subject to satisfaction of all conditions set forth in Article 6.2 of the Plan and the Merger Documents as a condition to the effectiveness of the Merger Transaction, to the extent that any such conditions which are waivable are not waived.

4.    Continued Corporate Existence. Except as otherwise provided in the Plan, the Reorganized Debtor shall continue to exist after the Effective Date as a separate corporate or other legal entity, with all the powers of a corporation or legal entity under applicable law in the jurisdiction in which the Reorganized Debtor is incorporated pursuant to its amended and restated certificate of incorporation and bylaws.

5.    Transfer And Vesting Of Post-Confirmation Assets. On the Effective Date, all property comprising the Post-Confirmation Assets shall be transferred to the Post-Effective Date Estate, free and clear of all Claims, liens, charges, encumbrances, rights, and interests of Creditors and Interest holders, in accordance with the Plan. All property not constituting Post-Confirmation Assets shall vest in the Reorganized Debtor, free and clear of all Claims, Interests, liens, charges, encumbrances, rights, and interests of Creditors and Interest holders, and any other claims and interests of all Creditors and Interest holders, and shall not constitute assets of the Post-Effective Date Estate. On and after the Effective Date, the Reorganized Debtor is authorized to operate its businesses, including without limitation to use, acquire and dispose of property, enter into financings, issue securities and satisfy its obligations, in each case without supervision or approval of the Bankruptcy Court and free of any restrictions of the Bankruptcy Code or the Bankruptcy Rules.

6.    Appointment Of Disbursing Agent And Officers And Directors Of Reorganized Debtor. Richard C. Hermerding is hereby appointed as Disbursing Agent,

Case: 07-50358    Doc# 305    Filed: 02/01/08    Entered: 02/01/08 16:06:00    Page 15 of
23

with all of the powers and duties accorded to such person under the Plan. Furthermore, the individuals identified in the Plan are hereby approved and may be appointed to and serve as directors and officers of the Reorganized Debtor pursuant to the Reorganized Debtor's amended and restated certificate of incorporate and by-laws.

       7.   <u>Merger Transaction</u>. The Merger Transaction contemplated in the Plan is hereby approved. The Debtor, Reorganized Debtor, Agent and Etelos, or any officer thereof, are hereby authorized to take any and all actions necessary or appropriate to implement, effectuate, and consummate any and all documents or transactions in furtherance of the Merger Transaction pursuant to the Plan. Except for any restraints set forth in the Plan, specifically Article 6.5 of the Plan, the approvals and authorizations specifically set forth in this Confirmation Order are nonexclusive and are not intended to limit the authority of the Debtor, the Reorganized Debtor, Agent or Etelos, or any officer thereof, from taking any action necessary to effectuate the Merger Transaction. The effectiveness of the Merger Transaction is subject to additional conditions set forth in the Merger Documents.

       8.   <u>Distributions Under The Plan</u>. On the Effective Date, the Disbursing Agent shall be authorized and directed to make all distributions under the Plan as specified in Articles III and IV of the Plan. If the Effective Date does not occur, the Secured Parties shall be entitled to the alternative treatment of their Claim as set forth in Article 4.2 of the Plan.

       9.   <u>Issuance Of New Common Stock</u>. On the Effective Date, the Reorganized Debtor shall issue (a) to the Disbursing Agent, 10,000 shares of New Common Stock, which shall constitute the Creditor Shares, for distribution pursuant to Article 4.3 of the Plan, and (b) to the Agent, 5,000,000 shares of New Common Stock for distribution to the Secured Parties pursuant to Article 4.2 of the Plan. The Disbursing Agent and the Agent shall be responsible for distribution of such shares as provided in the Plan, and Etelos shall not be responsible for compliance therewith, but shall provide

reasonable assistance in effectuating any transfers (*e.g.*, issuing individual stock certificates) of the New Common Stock to Holders of Allowed Claims in Class 2 and Class 3 pursuant to the Plan.

10.     Cancellation Of Instruments And Stock.  On the Effective Date, other than the New Common Stock and the common stock, options and warrants or other securities issued or to be issued to the holders (or other persons or entities entitled to be issued such interests) of any such interests in Etelos as of the Effective Date, (i) the Debentures, (ii) all Interests in the Debtor; (iii) any and all stock options (including, but not limited to, all stock options granted to the Debtor's employees) in the Debtor; (iv) any and all warrants in the Debtor; and (iv) any instrument evidencing or creating any indebtedness or obligation of the Debtor, except such instruments that are issued under the Plan or the Merger Documents, shall be cancelled and extinguished.  Additionally, as of the Effective Date, all Interests in the Debtor, and any and all warrants, options, rights or interests with respect to equity interests in the Debtor that have been authorized to be issued but that have not been issued shall be deemed cancelled and extinguished without any further action of any party.

11.     Payment of U.S.  Trustee Fees.  Pursuant to Article 3.1(c) of the Plan, all unpaid U.S.  Trustee Fees incurred before the Effective Date shall be timely paid by the Debtor in the ordinary course as such U.S.  Trustee Fees become due and payable. All unpaid U.S.  Trustee Fees incurred after the Effective Date shall be timely paid from Post-Confirmation Assets by the Disbursing Agent in the ordinary course as such U.S. Trustee Fees become due and payable.

12.     Reimbursement of Post-Confirmation Expenses of the Debtor. The Reorganized Debtor shall reimburse the Debtor for (i) all costs and expenses incurred by the Debtor with respect to actions taken by the Debtor in furtherance of subparagraph (i) of Article 6.5 of the Plan (subject to the terms thereof), and (ii) all office expenses incurred by the Debtor, up to a maximum of $5,000.00 per month, between the

entry of this Confirmation Order and the Effective Date (the expenses referred to in subparagraph (i) and (ii) of this Paragraph 12 are referred to as the "Reimbursable Expenses").  For purposes of this Paragraph 12, the term "office expenses" shall include but not be limited to rent, off-site storage charges, utilities (electricity, telephone, internet access, etc.), insurance, security services and up to five (5) hours of Mr. Sawka's time per month in administration of the office, and shall be limited to the lesser of $5,000.00 per month or the Debtor's actual monthly office expenses.  The Reorganized Debtor shall reimburse the Debtor for all Reimbursable Expenses within five (5) business days after submission of timesheets, invoices or other evidence of reimbursable expenses; provided however, that in the event there is a dispute concerning the nature or amount of Reimbursable Expenses, the Reorganized Debtor shall (i) pay all undisputed Reimbursable Expenses as provided in this Paragraph 12 and (ii) file an objection, on notice to the Disbursing Agent and the U.S. Trustee, specifying with particularity the reasons for disputing any claimed Reimbursable Expense and requesting a hearing on such dispute.  The Reorganized Debtor shall not be required to pay any disputed Reimbursable Expense until this Bankruptcy Court adjudicates such dispute.  The Reorganized Debtor shall have no obligation or liability for any claim, debt or liability incurred by the Debtor or the Estate except as expressly provided in Article 6.5 of the Plan and this Paragraph 12.

13.     Automatic Stay.  The stay in effect in the Case pursuant to section 362(a) of the Bankruptcy Code shall continue to be in effect until the Effective Date, and at that time shall be dissolved and of no further force or effect; provided, however, that nothing herein or in the Plan shall bar the filing of documents or the taking of such other actions (including without limitation any action by or on behalf of Etelos or the Reorganized Debtor) as are necessary to effectuate the transactions specifically contemplated by the Plan or by this Confirmation Order prior to or on the Effective Date.

14.     Application of Bankruptcy Code Section 1146(a).  Sales of the

Case: 07-50358    Doc# 305    Filed: 02/01/08    Entered: 02/01/08 16:06:00    Page 18 of 23

Debtor's assets as previously approved by the Bankruptcy Court constitute the sale or transfer of assets under a plan of reorganization confirmed under Section 1129 of the Bankruptcy Code, and are therefore are exempt from the imposition of a stamp tax or any similar tax as provided in 11 U.S.C. §1146(a).

15.  <u>Retention Of Jurisdiction</u>.  Pursuant to sections 105(a) and 1142 of the Bankruptcy Code, and notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, the Bankruptcy Court shall retain jurisdiction as provided in the Plan over all matters arising out of, and related to, the Case and the Plan to the fullest extent permitted by law, including, among other items and matters, jurisdiction over those items and matters set forth in Article X of the Plan and this Confirmation Order.

16.  <u>Discharge</u>.  Pursuant to Bankruptcy Code §§ 524 and 1141, effective upon entry of this Confirmation Order, the Debtor is hereby discharged and released, to the fullest extent permitted by the Bankruptcy Code, from any Claim or Interest of any nature whatsoever that arose before the Petition Date and the injunctive provisions of section 524 of the Bankruptcy Code shall apply to the fullest extent permitted.

17.  <u>Transfer Taxes</u>.  Pursuant to Bankruptcy Code § 1146(a), the issuance or exchange of any security, including the New Common  Stock, any other security, or the making or delivery of any instrument of transfer under, in furtherance, or in connection with, the Plan, including, but not limited to previously approved sales of the Debtor's assets, any merger or consolidation agreements, documents related to the Merger Transaction, deeds, bills of sale, assignment or other instruments of transfer, shall not be subject to any stamp tax, documentary real estate transfer tax or similar tax.

18.  <u>Confirmation Order</u>.  This Confirmation Order is declared and determined to be in recordable form (with or without exhibits) and shall be accepted by any filing or recording officer or authority of any applicable governmental authority or

Case: 07-50358    Doc# 305    Filed: 02/01/08    Entered: 02/01/08 16:06:00    Page 19 of 23

department without any further orders, certificates or other supporting documents.

19. <u>Notice Of Confirmation Order And Occurrence Of Effective Date</u>. On or before the fifth Business Day following the occurrence of the Effective Date, the Reorganized Debtor shall serve notice of this Confirmation Order and occurrence of the Effective Date pursuant to Bankruptcy Rules 2002(1)(7), 2002(k), and 3020(c) on all holders of Claims or Interests, the U.S. and other parties-in-interest, by causing a notice of this Confirmation Order and the occurrence of the Effective Date to be delivered to such parties by first class mail, postage prepaid.

20. <u>Objection</u>. The sole objection to confirmation of the Plan, filed by David S. Rajpurohit (Docket No. 273), is hereby overruled on the merits.

21. <u>Construction of Confirmation Order; Effectiveness</u>. The failure to reference a particular provision of the Plan in this Confirmation Order shall not affect the validity or enforceability of such provision. Each provision of the Plan shall be deemed authorized and approved by this Confirmation Order and shall have the same binding effect as every other provision of the Plan, whether or not mentioned in this Confirmation Order.

**\*\* END OF ORDER \*\***

Case: 07-50358    Doc# 305    Filed: 02/01/08    Entered: 02/01/08 16:06:00    Page 20 of 23

**Exhibit A**

**Conforming Modification To Plan Supplement**

Paragraph 1.03(e) of the Agreement and Plan of Merger (Plan Supplement, Exhibit A) is hereby amended to conform with the Disclosure Statement and Plan as follows:

~~(e)     The issuance of shares of the Surviving Corporation Common Stock to the Etelos Stockholders in the Merger and to creditors and other third parties as required by the Bankruptcy Court shall be exempt from registration under the Securities Act and applicable state securities laws pursuant to Section 3(a)(7) of the Securities Act and Section 1145 of the United states Bankruptcy Code.~~

~~(f)~~  **(e)**  As of the Effective Time, any and all outstanding debentures, interests, options (including, but not limited to, stock options granted to employees), warrants, and any instrument evidencing or creating any indebtedness or obligation of Tripath, except such instruments issued pursuant to the Plan, shall be cancelled and extinguished.  In addition, as of the Effective Time, all interests in Tripath, and any and all warrants, options, rights or interests with respect to equity interests in Tripath that have been authorized by Tripath to be issued but have not been issued shall be deemed cancelled and extinguished without any further action of any party.

**Exhibit B**

**Non-Material Modification To Plan**

Section 6.3 of the Plan is hereby amended to read as follows:

**6.3. Waiver of Conditions Precedent to the Effective Date.** The Plan Proponents may waive in writing any or all of the conditions precedent to the Effective Date set forth in Article 6.2, whereupon he Effective Date shall occur without further action by any person; provided, however, that the conditions specified in Article 6.~~1~~**2**(a) and (g) may not be waived.

| | | |
|---|---|---|
| 1 | **COURT SERVICE LIST** | |
| 2 | Bruce G. MacIntyre, Esq.<br>Perkins Coie LLP | Sarah D. Moyed<br>Bankruptcy Counsel |
| 3 | 1201 Third Avenue, 40th Floor<br>Seattle, WA 98101-3099 | U.S. Securities and Exchange Com'n<br>5670 Wilshire Boulevard, 11th Floor |
| 4 | Telephone: 206-359-8000<br>Facsimile: 206-359-9000 | Los Angeles, CA 90036-3648<br>Telephone: 323-965-3896<br>Facsimile: 353-965-4530 |
| 5 | BMacIntyre@perkinscoie.com | moyeds@sec.gov |
| 6 | Office of the U.S. Trustee<br>280 South First Street | Richard C. Hermerding |
| 7 | San Jose, California 95113<br>Telephone: 408-535-5525 | OLIVO-CPA<br>1376 North Fourth Street Suite 202 |
| 8 | Facsimile: 408-535-5532 | San Jose, CA 95112<br>Telephone: 408-441-6600<br>Facsimile: 408-441-6601 |
| 9 | S. Jason Teele, Esq. | Olivocpa@olivo.com |
| 10 | Lowenstein Sandler, PC<br>65 Livingston Avenue | James A. Mercer III |
| 11 | Roseland, New Jersey 07068<br>Telephone: 973-597-2500 | Duane Morris LLP<br>101 West Broadway, Suite 900 |
| 12 | Facsimile: 973-597-2400<br>slevine@lowenstein.com | San Diego, CA 92101-8285<br>Phone 619.744.2209 |
| 13 | jsteele@lowenstein.com | Facsimile 619.744.2201 |
| 14 | Michael J. Steiner, Esq.<br>Severson & Werson | Mikel R. Bistrow<br>Duane Morris LLP |
| 15 | One Embarcadero Center, Suite 2600<br>San Francisco, CA 94111 | 101 West Broadway, Suite 900<br>San Diego, CA 92101-8285 |
| 16 | Telephone: 415-398-3344<br>Facsimile: 415-956-0439 | Phone 619.744.2245<br>Fax: (619) 744-2201 |
| 17 | mjs@severson.com | mrbistrow@duanemorris.com |
| 18 | Karol K. Denniston<br>Jennifer L. Nassiri. | Ron Oliner<br>Duane Morris LLP |
| 19 | DLA Piper US LLP<br>550 S. Hope Street, Suite2300 | Suite 2000<br>One Market, Spear Tower |
| 20 | Los Angeles, CA 90071<br>Telephone: 213-330-7700 | San Francisco, CA 94105-1104<br>Phone: 415.957.3000 |
| 21 | Facsimile: 231-330-7701 | Fax: 415.957.3001 |
| 22 | John G. McJunkin<br>J. David Folds | |
| 23 | DLA Piper US LLP<br> 1775 Wiehle Ave., Suite 400 | |
| 24 | Reston, VA 20190-5159<br>Telephone: 703-773-4000 | |
| 25 | Facsimile: 703-773-5000 | |
| 26 | Bankruptcy Administration<br>IKON Financial Services | |
| 27 | 1738 Bass Road<br>P.O. Box 13708 | |
| 28 | Macon, GA 31208-3708<br>Telephone: 478-405-4001 | |

64011-0001/LEGAL13911782.2