Bruce G. MacIntyre, WA Bar No. 18984
BMacIntyre@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
*Pro hac vice*

Edward Wes, CA Bar No. 78551
EdWes@perkinscoie.com
PERKINS COIE LLP
101 Jefferson Drive
Menlo Park, CA 94025-1114
Telephone: 650.838.4300
Facsimile: 650.838.4350

Attorneys for Post-Effective Date Estate of
Tripath Technology, Inc.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>TRIPATH TECHNOLOGY, INC.,<br><br>        Debtor. | CASE NO. 07-50358 (MM)<br><br>Chapter: 11<br><br>[No Hearing Set – Bankruptcy Local Rule 9014-1(b)(3)] |

**APPLICATION TO AUTHORIZE EMPLOYMENT OF
SPECIAL LITIGATION COUNSEL FOR D&O LITIGATION**

The Post-Effective Date Estate of Tripath Technology, Inc. (the "Estate") hereby moves this Court for an Order authorizing the limited employment of George S. Trevor and Robert A. Jigarjian as special litigation counsel for D&O litigation. In support of this motion, the Estate represents as follows.

1. Tripath filed its voluntary chapter 11 petition on February 8, 2007 (the "Petition Date"). On February 1, 2008 an order (the "Confirmation Order") was entered confirming the Third Amended Plan of Reorganization (the "Plan"), which was jointly prepared and supported

by the Debtor and its secured creditors. Pursuant to the terms of the Plan, Tripath entered into a reverse merger with Etelos, Inc. on April 22, 2008, which became the Effective Date of the Plan, with Tripath as the surviving entity. As provided in the Plan, all assets of the Debtor remained in the Post-Effective Date Estate after the merger and the Estate is now administered by Richard Hermerding as Distributing Agent for the benefit of Tripath's creditors.[1] Included within the assets now held by the Estate are certain claims and causes of action against former officers and directors of Tripath, referred to in the Plan as the "D&O Claims."

2. Pursuant to ¶6.9(c) of the Plan, the Disbursing Agent is authorized to employ counsel and other professionals pursuant to §327 of the Bankruptcy Code as needed for pursuit of the D&O claims.

3. In preparation for pursuit of the D&O Claims against certain former officers and directors of Tripath, the Disbursing Agent has conducted multiple interviews with law firms and attorneys experienced in this type of litigation. After due consideration, the Distributing Agent selected George S. Trevor and Robert A. Jigarjian to represent the Estate in this litigation. The Estate has negotiated a contingent fee agreement with Mr. Trevor and Mr. Jigarjian, subject to approval by the Court. With this Application the Disbursing Agent seeks to employ Mr. Trevor and Mr. Jigarjian as special litigation counsel for D&O litigation.[2]

4. George S. Trevor is the principal of the Law Offices of George S. Trevor in Corte Madera, California. He has been a member of the State Bar of California since 1987 and has over twenty years experience in securities and D&O litigation. The Declaration of George S. Trevor is filed herewith.

5. Robert A. Jigarjian is the principal of the Jigarjian Law Office in San Anselmo, California. He has been a member of the State Bar of California since 1994 and has over ten years experience in securities and D&O litigation. The Declaration of Robert A. Jigarjian is filed herewith.

---

[1] The Reorganized Debtor, renamed Etelos, Inc., is no longer connected with this case.
[2] At the recommendation of Mr. Trevor, the Estate previously retained Securities Litigation and Consulting Group, Inc. ("SLCG:") as valuation counsel in connection with the D&O Claims litigation. Retention of SLCG was authorized by the Court by order dated June 30, 2008.

6. The Estate proposes to pay Mr. Trevor and Mr. Jigarjian for their professional services performed on a contingent basis as detailed in the Attorneys' Retainer Agreement attached hereto as Exhibit A. The contingent fee shall be calculated based upon the net recovery obtained on the D&O Claims. If no recovery is made on the D&O Claims, the Estate shall owe Mr. Trevor and Mr. Jigarjian no professional fees or reimbursement. The essential terms of the contingent fee agreement are as follows.

(a) On the first $2.5 million of any net recovery, the contingent fee shall be 37% of the net recovery;

(b) On any amounts recovered between $2,500,001 and $5 million, the contingent fee shall be 32% of those amounts in addition to 37% of the net recovery of $2.5 million; and

(c) On any recovery of over $5 million the contingent fee shall be 30 % of all amounts above $5 million.

(d) "Net recovery" shall be calculated after all costs incurred in the prosecution of the D&O Claims, including all expert and consultant fees, have been deducted from the gross recovery obtained on the Claims; and

(e) This Court shall retain the authority to grant final approval of all amounts to be paid to Mr. Trevor and Mr. Jigarjian pursuant to the fee agreement.

7. The Estate believes that the terms of the contingent fee agreement are fair and equitable and that the engagement of Mr. Trevor and Mr. Jigarjian on such terms is in the best interest of the Estate.

8. To the best of the Estate's knowledge, neither Mr. Trevor nor Mr. Jigarjian has any connection with Tripath, the Estate, its creditors, any other party and interest, or their respective attorneys or accountants, except as may be stated in the accompanying declarations of Mr. Trevor and Mr. Jigarjian.

For the reasons stated in this Application, the Estate requests that the Court enter an order (i) authorizing the Estate to employ Mr. Trevor and Mr. Jigarjian as special litigation counsel for D&O litigation, and (ii) approving the Attorneys' Retainer Agreement attached hereto.

DATED: August 19, 2008.

**Post-Effective Date Estate of Tripath Technology, Inc.**

By /s/ Richard C. Hermerding
    Disbursing Agent

**Presented by:**

**PERKINS COIE LLP**

By   /s/ Bruce G. MacIntyre
    Bruce G. MacIntyre, WA Bar No. 18984
    Ed Wes, CA Bar No. 180252
Attorneys for the Post-Effective Date Estate of Tripath Technology, Inc.

**EXHIBIT A**
(see attached)

# ATTORNEYS' RETAINER AGREEMENT

This agreement is made as of this __18th__ day of __August, 2008__ at Corte Madera, California, between Richard C. Hermerding in his capacity as Disbursing Agent for the Post Effective Date Estate of Tripath Technology, Inc. ("Tripath" or the "Estate") (hereinafter referred to as "Client") and the Law Offices of George S. Trevor and the Jigarjian Law Office (hereinafter referred to as "Attorneys"). Attorneys agree and acknowledge that this Agreement, the contingent fee and all related expenses must be expressly approved by the Bankruptcy Court prior to payment.

1. Client retains Attorneys to represent him as his attorney-at-law regarding the prosecution of an action against former officers and directors of Tripath ("Defendants") and others who Attorneys identify as potentially liable for claims on behalf Tripath that arose on or before its filing of a Chapter 11 bankruptcy petition on February 8, 2007 (the "Claims"). Client hereby authorizes Attorneys to investigate and, if necessary, commence litigation in an appropriate forum on behalf of Client or to take such other action as he deems appropriate and reasonable to pursue Clients' Claims.

2. <u>The Contingent Fee</u>. Clients agree to pay Attorneys for their professional services performed on Client's behalf on a contingent basis. The contingent fee shall be calculated based upon the net recovery, as that term is defined in Paragraph 3 below, obtained on the Claims whether by settlement, judgment or award received by Clients in the following manner:

(a) On the first $2.5 million of any net recovery the contingent fee shall be 37% of the net recovery;

(b) On any amounts recovered between $2,500,001 and $5 million the contingent fee shall be 32% of those amounts in addition to 37% of the net recovery of $2.5 million;

(c) On any recovery of over $5 million the contingent fee shall be 30 % of all amounts above $5 million.

3. "Net recovery" shall be calculated after all costs incurred in the prosecution of the Claims, including all expert and consultant fees, have been deducted from the gross recovery obtained on the Claims. Such costs shall include the litigation costs listed on the Cost Schedule attached to this Agreement as well as any reasonable costs Client necessarily incurs directly

arising from the prosecution of the Claims. "Gross recovery" shall mean all money, securities and other property received from Defendants or their agents or others, whether by settlement, judgment or award, together with any pre-judgment interest or post-judgment interest received. In the event that Attorneys obtain an award of attorneys' fees for the benefit of Client, the fee owed by Client shall be the amount of attorneys' fees awarded or the contingent fee as provided in paragraph 2 above, which ever amount is greater. If no recovery is made on behalf of Client on the Claims, Client shall owe Attorneys no professional fees. The above agreement is not set by law, but was negotiated between Client and Attorneys.

   4. Upon acceptance of this agreement by Client, Attorneys will submit this agreement for approval by the bankruptcy court where Tripath filed its bankruptcy petition. This agreement shall only become operative once the bankruptcy court has approved the agreement. Previously the bankruptcy court has approved the retention of the Securities Litigation & Consulting Group ("SLCG") to perform services for Client with respect to valuation analysis. The court further authorized Client to pay SLCG up to $7,500 for such work. Attorneys have also agreed to pay SLCG up to $7,500 for its work. Attorneys also agree to advance all additional costs that are incurred in this litigation subject to reimbursement as provided by this agreement.

   5. All costs and disbursements which have been advanced by Attorneys shall be reimbursed from any recovery obtained on behalf of Client. Attorneys and Client up to the amount he has advanced during this engagement shall have first priority lien against any amounts recovered from defendants or paid on behalf of defendants for all costs advanced on behalf of Client. Attorneys shall provide Client with a written statement itemizing the costs advanced at least once every three months. Client shall also have the right to approve any expenses that are anticipated to be greater than $2,500 prior to Attorneys incurring such costs.

   6. Pursuant to this engagement, Client authorizes Attorneys to incur all reasonable costs and to hire any investigators, consultants or expert witnesses reasonably necessary in Attorneys' judgment. Retention of consultants and/or expert witnesses shall be subject to the approval of Client. Client also acknowledges that that he has been advised as to the terms of Attorneys' agreement as to the division of fees between themselves and approves such division.

   7. Client agrees that reasonable costs and disbursements include, but are not limited to, items listed on the Cost Schedule attached hereto, which may be modified by Attorneys on an annual basis, with notice to Client. Attorneys agree to advise Client of any change in rates or

amounts charged as reflected on the Cost Schedule.

8. Attorneys are hereby given a lien on Client's claims or cause of actions, on any sum recovered by way of settlement and on any judgment or award that may be recovered thereon, for all Attorneys' fees and all costs and disbursements advanced by Attorneys as provided by this agreement. It is further agreed that Attorneys shall have all general, possessory, or retaining liens, and all special or charging liens, known to the common law on said claims or causes of action or any sum recovered by Client.

9. It is agreed that Attorneys may retain out of the amount finally recovered by suit or settlement, award or judgment all sums due and owing by Client pursuant to this agreement, provided that the Bankruptcy Court has expressly approved the amount of the contingent fee and all expenses retained by Attorneys. It is further agreed that the Bankruptcy Court's determination as to fees and expenses to be allowed hereunder shall be final and binding in all respects on the parties hereto.

10. If Client causes or requests that Attorneys be substituted out as Attorney-of-record for Client, except for reasons of misconduct or incapacity of Attorneys to act, Attorneys shall be entitled to fees and costs as provided for under this Agreement or a reasonable fee and reimbursement as maybe decided by the Bankruptcy Court.

11. If the causes of actions or claims asserted on behalf of Client are not assignable at law, Client expressly assigns to Attorneys, pro rata to the extent of Attorneys' fees and disbursements, any sum realized by way of settlement, award or on any judgment obtained thereon.

12. It is agreed and understood that Attorneys have made no guarantees regarding the successful prosecution of Client's claims and any and all expressions relative to Client's Claims are matters of opinion only. This Agreement covers all professional services by Attorneys through the completion of a trial in the forum selected. Any appeal of a verdict or judgment or subsequent court action other than post-trial motions is not part of this Agreement and fees or expenses related thereto must be agreed to by Client and Attorneys in a further agreement.

13. Attorneys shall have the right to withdraw from representation of Client upon giving reasonable notice to Client. In such event, Attorneys shall surrender copies of all files in their possession related to the engagement or the Claims; (ii) shall irrevocably waive and

relinquish all entitlement to compensation or reimbursement of expenses hereunder; and (iii) shall release Client from any liability that in any way whatsoever arises out of or relates to this engagement or the Claims..

14. The Law Offices of George S. Trevor has errors and omission coverage applicable to the services to be performed under this Agreement. The Jigarjian Law Office does not currently maintain errors and omission coverage.

15. This agreement shall be construed according to, and governed by, the laws of the State of California.

16. All notices or communications required to be given pursuant to paragraphs 5, 7, 10 and 13 of this agreement shall be given by regular mail or courier service at the following addresses:


Attorney:	George S. Trevor
	Law Offices of George S. Trevor
	300 Tamal Plaza, Suite 180
	Corte Madera, California 94925
	Telephone: (415) 924-7147
	Facsimile: (415) 924-7159
	Email: gtrevor@trevorlaw.com

And	Robert A. Jigarjian
	Jigarjian Law Office
	128 Tunstead Avenue
	San Anselmo, CA 94960
	Telephone: (415) 341-6660
	Email: jigarjianlaw@gmail.com

Client:	Richard C. Hermerding
	Disbursing Agent for the Estate of Tripath Technology, Inc.
	1376 North Fourth Street, Suite 202
	San Jose, CA 95112
	Telephone: (408) 441-6600
	Facsimile: (408) 441-6601

With a copy to:	Bruce G. MacIntyre

Perkins Coie, LLP
1201 Third Avenue, Suite 4000
Seattle, WA 98101
Telephone: (206) 359-6371
Facsimile: (206) 359-7371

Date:           **ATTORNEY:**

Law Offices of George S. Trevor

By:_____
    George S. Trevor

Date:

Jigarjian Law Office

By: _____
    Robert A. Jigarjian

Date:   August 18, 2008    **CLIENT:**

By: ___/s/ Richard C. Hermerding_____
    Richard C. Hermerding

Perkins Coie, LLP
1201 Third Avenue, Suite 4000
Seattle, WA 98101
Telephone: (206) 359-6371
Facsimile: (206) 359-7371

Date: 8/18/2008    **ATTORNEY:**

Law Offices of George S. Trevor

By: _____
George S. Trevor

Date:

Jigarjian Law Office

By: _____
Robert A. Jigarjian

Date:    **CLIENT:**

By: _____
Richard C. Hermerding

1201 Third Avenue, Suite 4000
Seattle, WA 98101
Telephone: (206) 359-6371
Facsimile: (206) 359-7371

Date: _____   **ATTORNEY:**

                    Law Offices of George S. Trevor

                    By:_____
                         George S. Trevor

Date: 8/18/08

                    Jigarjian Law Office

                    By: *[signed]* Robert A. Jigarjian
                         Robert A. Jigarjian

Date: _____   **CLIENT:**

                    By: _____
                         Richard C. Hermerding

# COST SCHEDULE

Costs and expenses of litigation shall include, without limitation, the following:

- photocopying charges, at the rate of twenty-five cents ($0.25) per page;

- long-distance telephone charges; postage, delivery, courier and messenger charges at actual cost;

- reasonable and actual travel expenses, including airfare, meals, taxicab expenses, parking, tolls and mileage;

- court and/or arbitration filing fees at actual cost;

- deposition and court reporters' fees at actual cost;

- the expenses of service of process or subpoenas at actual cost;

- secretarial and clerical overtime;

- the expenses of computer-assisted legal research at actual cost;

- outgoing facsimile transmission charges, at the rate of twenty five cents ($0.25) per page;

- the reasonable and actual expenses of investigators, consultants, and/or experts;

- all arbitration-related expenses; and

- such other reasonable costs and expenses as Attorney deems appropriate for the conduct of the litigation and his representation of Client.