Bruce G. MacIntyre, WA Bar No. 18984
BMacIntyre@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
*Pro hac Vice*

Edward Wes, CA Bar No. 78551
EdWes@perkinscoie.com
PERKINS COIE LLP
101 Jefferson Drive
Menlo Park, CA 94025-1114
Telephone: 650.838.4300
Facsimile: 650.838.4350

Attorneys for the Post-Effective Date Estate of
Tripath Technology, Inc.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>TRIPATH TECHNOLOGY. INC.,<br><br>Debtor. | CASE NO. 07-50358 (MM)<br><br>Chapter 11<br><br>[No hearing required unless requested pursuant to Bankruptcy Local Rule 9014-1(b)(3)] |

**MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT
PURSUANT TO BANKRUPTCY RULE 9019
(Kord Enterprises)**

The Post-Effective Date Estate of Tripath Technology, Inc. ("Tripath" or the "Estate") hereby moves the Court for approval of a compromise and settlement concerning the refund of a security deposit paid by Tripath to Kord Enterprises ("Kord"). In support of this Motion, Tripath represents as follows:

1. On February 8, 2007 (the "Petition Date") Tripath filed a voluntary petition in this Court for reorganization under Chapter 11 of the United States Bankruptcy Code. On February 1,

2008, an order was entered confirming the Debtor's Third Amended Plan of Reorganization (the "Plan"), which was jointly prepared and supported by the Debtor and its secured creditors. As provided in the Plan, all assets of the Debtor remained in the Post Effective Date Estate (the "Estate") after the Effective Date and the Estate is now administered by Richard Hermerding as Distributing Agent for the benefit of Tripath's creditors.[1]

2. On or about January 25, 2007, prior to the Petition Date, Tripath, as tenant, and Kord, as landlord, entered into a written lease for the use and enjoyment of real property in Fremont, California. Upon signing the lease, Tripath paid Kord a security deposit of $6,132. The lease expired on April 30, 2007 but by prior arrangement Tripath remained in the premises on a month-to-month basis. In mid-May, 2007, Kord informed the Debtor that the premises had been sold and would have to be vacated prior to June 1. Tripath vacated the premises and surrendered possession of the premises to Kord on May 31, 2007.

3. Despite repeated requests, Kord failed to return or account for Tripath's security deposit within thirty days after receiving possession of the leased premises as required by California Civil Code §1950.7. Tripath maintains that it complied with all requirements of the lease, that it returned the premises in good order, and that it is entitled to return of its security deposit and to penalties for Defendant's failure to comply with §1950.7. Kord claimed that Tripath caused extensive damages to the leased premises in excess of the amount of the deposit and that it was entitled to retain the entire security deposit and to additional amounts as a post-petition claim. Specifically, Kord claims that Tripath destroyed carpets, damaged metal exterior doors and wooden interior doors, broke window blinds, damaged plumbing and left the premises in need of additional cleaning and repainting.

4. On May 12, 2008, Kord filed a proof of claim seeking $9,061.95 for alleged damages to the rental property (Claim No. 36). On March 18, 2008, Tripath filed this adversary proceeding pursuant to 11 U.S.C. §542, seeking to recover the security deposit plus interest and penalties. On May 12, 2008, Kord filed an Answer denying liability and seeking to setoff the security deposit against the alleged damages.

---

[1] The Reorganized Debtor, renamed Etelos, Inc., is no longer connected with this case.

5. On or about March 17, 2009, Tripath and Kord reached an agreement whereby Kord will withdraw Claim No. 36 and refund Tripath the amount of $4,500 (the "Settlement Amount") from the security deposit and Tripath will dismiss this adversary proceeding.

6. Kord and Tripath also have agreed to waive and relinquish all other claims and causes of action against each other, effective upon Tripath's receipt of the Settlement Amount.

7. Kord has agreed to deliver the Settlement Amount to Tripath within three days after entry of an order of the Bankruptcy Court approving the proposed settlement.

8. The proposed settlement and waivers of the parties' respective claims is the result of arms length negotiations between the parties and represent a compromise of both parties' positions.

## LEGAL ARGUMENT

The Bankruptcy Court may approve a compromise or settlement between a debtor in possession and another party pursuant to Bankruptcy Rule 9019(a), which provides as follows:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement.

Fed. R. Bankr. P. 9019(a).

**A. The Court Should Approve The Proposed Tax Adjustment Because It Is Fair, Reasonable And In The Best Interest Of The Debtor's Estate and The Creditors.**

The Ninth Circuit has long recognized that "[t]he bankruptcy court has great latitude in approving compromise agreements." Woodson v. Fireman's Fund Ins. Co. (In re Woodson), 839 F.2d 610, 620 (9th Cir. 1988). "The purpose of a compromise agreement is to allow the [debtor in possession] and the creditors to avoid the expenses and burdens associated with litigating sharply contested and dubious claims." Martin v. Kane (In re A & C Properties), 784 F.2d 1377, 1380-81 (9th Cir. 1986), cert. denied, 479 U.S. 854 (1986). Accordingly, in approving a settlement agreement, the Court need not conduct an exhaustive investigation of the claims sought to be compromised. United States v. Alaska National Bank (In re Walsh Construction, Inc.), 669 F.2d 1325, 1328 (9th Cir. 1982). Rather, it is sufficient for the Court to

find that the settlement was negotiated in good faith and that it is reasonable, fair, and equitable. In re A & C Properties, 784 F.2d at 1381.

The Ninth Circuit has identified the following factors for consideration in determining whether a proposed settlement agreement is reasonable, fair, and equitable:

> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it, [and] (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

A & C Properties, 784 F.2d at 1381.

Consideration of these factors does not require the Court to determine whether the settlement presented is the best one that could possibly have been achieved. Rather, the Court need only canvass the issues to determine whether the settlement falls "below the *lowest point in the zone of reasonableness*." Newman v. Stein, 464 F.2d 689, 698 (2d Cir. 1972) (emphasis added), cert. denied sub nom. Benson v. Newman, 409 U.S. 1039 (1972), see also, Anaconda-Ericsson Inc. v. Hessen (In re Teltronics Services, Inc.), 762 F.2d 185, 189 (2d Cir. 1985), Cosoff v. Rodman (In re W.T. Grant Co.), 699 F.2d 599. 608 (2d Cir. 1983), cert. denied, 464 U.S. 822 (1983). Finally, although the Court should give deference to the reasonable views of creditors, "objections do not rule. It is well established that compromises are favored in bankruptcy." In re Lee Way Holding Co., 120 B.R. 881, 891 (Bankr. S.D. Ohio 1990). As will be shown below, the proposed settlement before the Court well exceeds the threshold established by case law.

**The Probability Of Success In The Litigation**

The outcome in litigation is always uncertain and the Debtor is at risk that Kord might prevail resulting in the Estate paying additional amounts in alleged damages to the rental property. The Settlement Amount is a refund of approximately 73% of the security deposit paid by Tripath and will result in the full release of any liability whatsoever for alleged damages to the rental property asserted by Kord. In a best case scenario, litigation to increase the proposed Settlement Amount might result in an additional increase of approximately $1,600. The cost to

the Estate of continued litigation to gain such a small additional sum would be without potentially offsetting gain to the Estate. Acceptance of the proposed Settlement Amount constitutes a fair and reasonable compromise and is in the best interest of the Estate and its creditors.[2]

**The Difficulties To Be Encountered In Collection.**

Kord is not necessarily considered a credit risk, and Kord may well have assets sufficient to refund the entire security deposit. However, given the current economic climate, recovery of any amount from a closely held entity is always an unknown with some degree of risk.

**The Complexity of Litigation and the Expense, Inconvenience and Delay.**

Litigation of the adversary claim will be more costly than the amount at issue warrants. Litigation also would be a time-consuming process, could potentially delay further distributions to other creditors and, even if successful for the Estate, could result in reduced funds for distribution to other creditors with little or no additional benefit. The proposed settlement is therefore fair and reasonable and in the best interests of the Estate and its creditors.

**The Paramount Interest of the Creditors.**

The fourth and final factor to be considered is whether approval of the proposed Settlement Amount is in the best interest of the creditors of the Estate. The proposed Settlement Amount is in the best interest of the creditors of the estate because it returns a significant portion of the disputed funds for distribution to other creditors. Moreover, the other creditors need not wait to learn the outcome of the litigation. Accordingly, the proposed settlement provides additional value to the class of general unsecured creditors and approval of the proposed settlement is in the best interests of the Estate and creditors.

**CONCLUSION**

For the foregoing reasons, Tripath respectfully requests entry of an order (i) approving the settlement and payment of the Settlement Amount, (ii) directing Kord's payment of the Settlement Amount to Tripath within three days after entry of such order; and (iii) ordering that Kord's Claim No. 36 shall be deemed irrevocably withdrawn effective immediately.

---

[2] Tripath has no known claims against Kord other than as related to recovery of the security deposit (Adversary Case 08-05065).

DATED: March 25, 2009

| | |
|---|---|
| /s/ Bruce G. MacIntyre<br>Bruce G. MacIntyre, WA Bar No. 18984<br>BMacIntyre@perkinscoie.com<br>**Perkins Coie LLP**<br>1201 Third Avenue, Suite 4800<br>Seattle, WA 98101-3099<br>Telephone: 206.359.8000<br>Facsimile: 206.359.9000<br>*Pro hac vice* | Ed Wes, CA Bar No. 180252<br>EWes@perkinscoie.com<br>**Perkins Coie LLP**<br>101 Jefferson Drive<br>Menlo Park, CA 94025-1114<br>Telephone: 650.838.4300<br>Facsimile: 650.838.4350<br><br>Attorneys for the Post-Effective Date Estate of Tripath Technology, Inc. |