Bruce G. MacIntyre, WA Bar No. 18984
BMacIntyre@perkinscoie.com
**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
*Pro hac vice*

Ed Wes, CA Bar No. 180252
EWes@perkinscoie.com
**Perkins Coie LLP**
3150 Porter Drive
Palo Alto, California 94304-1212
Telephone: 650.838.4300
Facsimile: 650.838.4350+

Attorneys for the Post Effective Date Estate of
Tripath Technology, Inc.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>TRIPATH TECHNOLOGY. INC.,<br><br>    Debtor. | CASE NO. 07-50358 (CN)<br><br>Chapter 11<br><br>MOTION OF POST-EFFECTIVE DATE ESTATE FOR AN ORDER AUTHORIZING ABANDONMENT OF PROPERTY PURSUANT TO 11 U.S.C. 544 AND THE EXPENDITURE OF ESTATE FUNDS IN CONNECTION THEREWITH<br><br>[No hearing requested] |

  The Post-Effective Date Estate of Tripath Technology, Inc. (the "*Estate*"), by and through its undersigned attorneys, moves this Court for entry of an order authorizing the abandonment and destruction of certain property of the Estate and the expenditure of estate funds in connection with such abandonment and destruction. This Motion is supported by the Declaration of Richard C. Hermerding In Support of Motion to Abandon Assets (the "*Hermerding Declaration.*") submitted herewith

The statutory predicates for the relief requested in this Motion are sections 105, 363, 541, and 554 of title 11 of the United Stats Code, and Rules 2002, 6004, 6007, and 9014 of the Federal Rules of Bankruptcy Procedure. In support of this Motion the Estate represents as follows.

1. On February 8, 2007, Tripath Technology, Inc. ("*Tripath*" or the "*Debtor*") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On February 1, 2008, this Court confirmed the Third Amended Joint Plan of Reorganization (the "Plan") and confirmed Richard C. Hermerding, as Disbursing Agent of the Post-Effective Date Estate ("*Hermerding*"). The Plan has been substantially consummated except for the completion of certain litigation as more fully described below.

2. Pursuant to a series of orders of this Court, the Estate sold substantially all of its assets, but retained certain assets, including email files, books, records and related assets which it expected would be required for litigation anticipated against its former officers and directors (the "*D&O Litigation*"). Those remaining estate assets are collectively referred to herein as the "*Remaining Assets*."

3. Among the sales of Estate assets previously approved by the Court was an agreement in June, 2007 by which the Debtor sold substantially all of its intellectual property assets and office equipment to Cirrus Logic, Inc. ("*Cirrus*"). See Dkt. No. 181. The Bill of Sale provided that Cirrus purchased, among other items, six personal computer workstations, six server computers and related peripherals (collectively, the "*Cirrus Computers*"), which Cirrus then agreed to lease back to the estate, for a period of up to two (2) years, to allow Debtor to maintain and retrieve the information from electronic records that were preserved for the D&O Litigation.. The Estate is still in possession of the Cirrus Computers but they are at least six years old and believed to be of little or no value; Cirrus has never requested their return. The Estate will provide Cirrus a copy of this Motion and an opportunity to reclaim the Computers, if Cirrus so desires. If Cirrus fails to reclaim the Cirrus Computers by the expiration of the required notice period, the Estate shall dispose of the Cirrus Computers without cost to Cirrus.

4. On January 7, 2009, Hermerding, in his capacity as representative of the Estate, filed a complaint against Tripath's former officers and directors ("*Director Defendants*") in this

court, asserting damages for breach of the Director Defendants' fiduciary duties, *i.e.*, the D&O Litigation. The D&O Litigation has not yet been resolved, but a motion for summary judgment has been fully briefed and argued, and awaits decision by the Court. No trial is currently set.

5. The Remaining Assets were preserved primarily for conducting discovery for the D&O Litigation. Discovery in the adversary proceeding is completed, and Hermerding and Director Defendants have stipulated that the Remaining Assets are no longer required for the D&O Litigation. A copy of the parties' stipulation is attached to the Hermerding Declaration as Ex. A.

6. The Remaining Assets and the Cirrus Computers are in a facility in Fremont, California (the "**Fremont Facility**") and subleased from a third party who charges a monthly rental fee of $750.00. *Id*. at ¶ 6. In addition, the Estate incurs approximately two hundred dollars ($200) each month for utility charges, the cost of a security alarm and other expenses directly related to preservation of the Remaining Assets. Given the lack of any further need for the Remaining Assets and the savings to be derived from the immediate abandonment and destruction of those Assets, it is clear that the costs of continuing to preserve the Remaining Assets outweigh any potential benefit to maintain the Remaining Assets.

7. Because the Remaining Assets may include employee records and other confidential personal and proprietary information Hermerding has obtained quotes from vendors for the destruction of the Remaining Assets, including shredding of all paper records. A proposed budget (the "**Budget**") for destruction of the Remaining Assets is attached to the Hermerding Declaration as Exhibit B. Hermerding and a former employee of the Debtor would employed for up to fifty (50) hours at an hourly rate of $65 to oversee the abandonment and destruction of the Remaining Assets, including disposition of the Cirrus Computers. The total estimated cost of this project as shown on the Budget is approximately four thousand fifty dollars ($4,050).

8. The Estate, therefore requests that this Court enter an order, substantially in the form attached hereto as Exhibit A, authorizing abandonment and destruction of the Remaining Assets and the Cirrus Computers, if applicable pursuant to the proposed Budget.

9. The Remaining Assets and the Cirrus Computers are property of the Estate as provided in Section 541 of the Bankruptcy Code. Section 554(b) of the Code provides that "on request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the state." As discussed above, Hermerding has determined that the Remaining Assets no longer provide any benefit or value to the Estate and that the expense of continued storage, security and other costs outweigh any benefit to be derived from those Assets. The Remaining Assets are both burdensome to the Estate and are of inconsequential value and benefit. Therefore, abandonment and destruction of the Remaining Assets as set forth in this Motion is appropriate.

10. Section 363(b) permits the Court to enter an order authorizing the use of property of the Estate outside of the ordinary course of business. To the extent that the expenditure of Estate funds for the destruction of the Remaining Assets is deemed to be outside of the ordinary course of business, the Estate requests that the Court authorize this use of Estate funds to the extent provided in the Budget.

WHEREFORE, the Estate requests that the Court enter an order substantially in the form attached hereto as Exhibit A granting the relief sought in this Motion.

DATED: March __, 2011

/s/    Bruce G. MacIntyre
Bruce G. MacIntyre, WA Bar No. 18984
BMacIntyre@perkinscoie.com
**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
*Pro hac vice*

Ed Wes, CA Bar No. 180252
EWes@perkinscoie.com
**Perkins Coie LLP**
3150 Porter Drive
Palo Alto, California 94304-1212
Telephone: 650.838.4300
Facsimile: 650.838.4350

Attorneys for the Post Effective Date Estate of Tripath Technology, Inc.

# EXHIBIT A

SEE ATTACHED.