Bruce G. MacIntyre, WA Bar No. 18984
BMacIntyre@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
*Pro hac vice*

Edward Wes, CA Bar No. 78551
EdWes@perkinscoie.com
PERKINS COIE LLP
101 Jefferson Drive
Menlo Park, CA 94025-1114
Telephone: 650.838.4300
Facsimile: 650.838.4350

Attorneys for the Post-Effective Date Estate of
Tripath Technology, Inc.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re | CASE NO. 07-50358 (CN) |
| TRIPATH TECHNOLOGY, INC., | Chapter: 11 |
| Debtor. | RESPONSE TO LETTER FILED BY ADYA TRIPATHI AND DAVID EICHLER REGARDING PAYMENT OF HOWARD RICE CLAIM |

Richard C. Hermerding, Disbursing Agent for the Post Effective Date Estate of Tripath Technology, Inc., hereby responds to the October 20, 2011 letter to the Court from Adya Tripathi ("Tripathi"), Debtor's prepetition President, Chief Executive Officer and Chairman, and David Eichler("Eichler"), Debtor's prepetition Chief Financial Officer.

This case was filed on February 8, 2007 (the "Petition Date"). In amended schedules filed on April 3, 2007 [Dkt. No. 113], the Debtor scheduled indemnity claims for Eichler and Tripathi in the amount of $96,055.12 each. The indemnity claims arose out of litigation brought by

shareholders against the company and against Tripathi and Eichler individually, based on their prepetition conduct as officers and directors of the Debtor. The litigation resulted in the entry of a stipulated judgment against the defendants.

Pursuant to the Debtor's by-laws, Eichler and Tripathi were potentially entitled to indemnity as officers of the corporation. The Debtor incurred $324,517.25 in legal fees and expenses in defending the litigation, of which a total of $192,110.24, or $96,055.12 each, had been apportioned to the defense of Tripathi and Eichler individually. Eichler and Tripathi had each made claims for indemnification from the Debtor prior to the Petition Date, but no amounts had been paid to either Howard Rice or to Tripathi or Eichler. Neither Eichler nor Tripathi filed a proof of claim for their indemnity claims.

Debtor's Third Amended Plan of Reorganization was confirmed on February 1, 2008 and became effective on April 22, 2008. Six months after plan confirmation, on July 11, 2008, Debtor filed objections to the indemnity claims based on Section 502(e)(1)(B) [Dkt. No. 445], noting that the claims were still contingent and that no payment had been made by either Eichler or Tripathi to Howard Rice. Notice of the objections was provided to Eichler and Tripathi as required. [Dkt. No. 446] On August 19, after Tripathi and Eichler failed to respond to the claim objections, the Debtor obtained default judgments disallowing the indemnity claims [Dkt. No. 472]. The Order Disallowing Claims was entered six months after the plan was confirmed, four months after the plan became effective and approximately four months before Tripathi and Eichler settled with Howard Rice.

On September 1, 2011, the Debtor made a distribution to unsecured creditors, using proceeds from the D&O Litigation settlement of the lawsuit filed by the Estate against Tripathi and others. On September 19, Howard Rice notified the Disbursing Agent that the firm had received $50,000 from Tripathi and Eichler in December 2008 and that perhaps the firm had been overpaid by the estate as a result of the second distribution. See the email chain attached hereto as Exhibit A.

| | |
|---|---|
| 1 | Over the next four weeks, the Disbursing Agent and Howard Rice recalculated the |
| 2 | distributions and on October 23 agreed on $35,082.02 as the amount of the refund necessary to |
| 3 | reduce Howard Rice's total payment from the estate to the same pro rata distribution received by |
| 4 | all other unsecured creditors.  Id.  Prior to the contact from Howard Rice on September 19, the |
| 5 | Disbursing Agent had not been aware that a lawsuit had been filed against Tripathi and Eichler, |
| 6 | much less that there had been a settlement and payment.  On October 28, the Disbursing Agent |
| 7 | received a check from Howard Rice in the agreed amount and deposited the funds into the Post |
| 8 | Effective Date Estate's bank account.  In light of this refund and any distribution checks that may |
| 9 | remain uncashed after ninety (90) days after distribution, there may be enough for a very small |
| 10 | supplemental distribution to creditors prior to December 31. |
| 11 | DATED:  October 28, 2011 |

**PERKINS COIE LLP**

By  /s/ Bruce G. MacIntyre
    Bruce G. MacIntyre, WA Bar No. 18984
    Ed Wes, CA Bar No. 180252
Attorneys for the Post-Effective Date Estate of
Tripath Technology, Inc.

**EXHIBIT A**
(Email Chain Between R. Hermerding and Howard Rice Firm)

# Maag, Mary Lou  (Perkins Coie)

| | |
|---|---|
| **From:** | Richard E.F. Holdrup [rholdrup@howardrice.com] |
| **Sent:** | Sunday, October 23, 2011 11:10 AM |
| **To:** | 'Richard C. Hermerding'; hermerding@msn.com |
| **Cc:** | Jeffrey L. Schaffer; MacIntyre, Bruce  (Perkins Coie) |
| **Subject:** | RE: Distribution to Howard Rice Firm by Tripath Bankruptcy Estate |
| **Attachments:** | hrlogo.gif; firmlygreen.gif |

Mr. Hermerding,

This looks fine.  I will have a check sent out to you tomorrow (Monday).

Richard

## Richard E.F. Holdrup
*Chief Financial and Administrative Officer*



Three Embarcadero Center, Seventh Floor
San Francisco, CA 94111-4024
415 677 6650 direct   |   415 677 6262 fax

 Please consider the environment before printing this email.

---

**From:** Richard C. Hermerding [mailto:olivocpa@msn.com]
**Sent:** Friday, October 21, 2011 9:03 AM
**To:** Richard E.F. Holdrup; hermerding@msn.com
**Cc:** Jeffrey L. Schaffer; bmacintyre@perkinscoie.com
**Subject:** RE: Distribution to Howard Rice Firm by Tripath Bankruptcy Estate

Mr. Holdrup,
See my revised calculations below.
Very close to your numbers.

| | | | |
|---|---|---|---|
| Class Three Total Claims | | | $2,480,326.72 |
| All Claims Paid | 5% Distrib. | | $126,516.34 |
| | 2nd Distrib. | | $1,854,067.13 |
| | | Total | $1,980,583.47 |
| % of Total Claims | | | 79.852% |
| Howard Rice Claim | | | $274,517.25 |
|    Due | | | $218,930.04 |
| Distribution paid | | | $254,012.06 |
| | | **Total Due** | **$35,082.02** |

1

Check payable to
Ie re Bankruptcy of Tripath Technology
Richard C. Hermerding
6227 Drifter Drive
San Jose, CA 95123


**Richard C. Hermerding\*, MBA, MAIA, MSIS, CDFA, CMA, CFM, CFE, CFS, CSA**
**OLIVO-CPA**
San Jose, CA 95112
408-482-9556 Cell
CA License 0C74452
Email: Olivocpa@msn.com
http://www.Olivocpa.com
http://www.linkedin.com/in/richardhermerding

This transmission (and/or attachments accompanying it) contains confidential information belonging to the sender which is legally protected. The information is intended only for the use to the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this information is strictly prohibited. If you received this transmission in error, please notify me immediately by telephone at (408) 482-9556 to arrange for return of the documents.

---

**From:** Richard E.F. Holdrup [mailto:rholdrup@howardrice.com]
**Sent:** 10/18/2011 11:05 AM
**To:** 'herberding@msn.com'; 'olivocpa@msn.com'
**Cc:** Jeffrey L. Schaffer; 'bmacintyre@perkinscoie.com'
**Subject:** FW: Distribution to Howard Rice Firm by Tripath Bankruptcy Estate

Mr Hermerding,

Jeff Schaffer forwarded me your email of October 6th related to the return of a portion of the distribution from Tripath. Your letter calculated the amount to be returned as $39,136.43, but according to my own calculations (see below), it should be $34,733.84. I arrived at this by reducing the total amount of all original claims (to $2,480,326.72) to account for the $50,000 reduction in Howard Rice's claim, and then divided that number by the total funds distributed by the estate ($1,976,516.34), as detailed on the spreadsheet you attached to our distribution check. This results in an overall percentage of claims paid of 79.69%. Applying that percentage to Howard Rice's reduced claim ($274,517.25) results in an overdistribution to Howard Rice of $34,733.84, a difference of $4,402.59 from your calculation.

|  | **Actual** | **Revised** |
|---|---|---|
| Class 3 allowed claims: | $2,530,326.72 | $2,530,326.72 |
| Less: Howard Rice reduction |  | (50,000.00) |
| Revised total claims |  | 2,480,326.72 |
|  |  |  |
| All claims paid: |  |  |
| 5% distribution | 126,516.34 | 126,516.34 |

|  |  |  |  |
|---|---|---|---|
| Final distribution | | 1,850,000.00 | 1,850,000.00 |
| Total | | 1,976,516.34 | 1,976,516.34 |
| % of total claims | | 78.11% | 79.69% |

|  |  |  |  |
|---|---|---|---|
| Howard Rice claim: | | 324,517.25 | 274,517.25 |
| Total distribution due | | 253,490.45  78.11% | 218,756.60 |
| Distribution paid | | 253,490.44 | 253,490.44 |
| Overpayment | | | **$34,733.84** |

I may well be missing something in the calculation and would be happy to discuss by phone if that will help to clarify the correct number. In any event, I'd appreciate your thoughts so we can clear this up and return the agreed amount to the estate.

Regards,
Richard Holdrup

### Richard E.F. Holdrup
*Chief Financial and Administrative Officer*



Three Embarcadero Center, Seventh Floor
San Francisco, CA 94111-4024
415 677 6650 direct  |  415 677 6262 fax

 Please consider the environment before printing this email.

---

**From:** Jeffrey L. Schaffer
**Sent:** Tuesday, October 18, 2011 10:37 AM
**To:** Richard E.F. Holdrup
**Subject:** FW: Distribution to Howard Rice Firm by Tripath Bankruptcy Estate

---

**From:** Jeffrey L. Schaffer
**Sent:** Friday, October 14, 2011 4:22 PM
**To:** Richard C. Hermerding
**Cc:** 'MacIntyre, Bruce (Perkins Coie)'; Richard E.F. Holdrup
**Subject:** RE: Distribution to Howard Rice Firm by Tripath Bankruptcy Estate

    Hi Richard. Thank you for your below email and your calculation information in the letter you attached. My firm's CFO has been out for a few days. He will quickly double-check your calculation when he returns to the office early next week, and we should be in a position to issue and transmit a check to you so that you receive it next week. Should the check be made payable to "Richard C. Hermerding as Disbursing Agent for In re Tripath Technology Bankruptcy Case"? Please advise. Regards. JLS

### Jeffrey L. Schaffer
**HowardRice**
Three Embarcadero Center, Seventh Floor
3

San Francisco, CA 94111-4024

415 677 6270 direct | 415 677 6262 fax

FIRMLY Please consider the environment before printing this email.

**From:** Richard C. Hermerding [mailto:Hermerding@msn.com]
**Sent:** Thursday, October 06, 2011 1:41 PM
**To:** Jeffrey L. Schaffer
**Cc:** 'MacIntyre, Bruce (Perkins Coie)'
**Subject:** RE: Distribution to Howard Rice Firm by Tripath Bankruptcy Estate

Mr. Schaffer,
Calculation of Tripath refund.
Yours sincerely

**Richard C. Hermerding\*, MBA, MAIA, MSIS, CDFA, CMA, CFM, CFE, CFS, CSA**
**OLIVO-CPA**
**6227 Drifter Drive**
**San Jose, CA 95123**
408-482-9556 Cell
CA License 0C74452
Email: Olivocpa@msn.com
http://www.Olivocpa.com
http://www.linkedin.com/in/richardhermerding

This transmission (and/or attachments accompanying it) contains confidential information belonging to the sender which is legally protected. The information is intended only for the use to the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this information is strictly prohibited. If you received this transmission in error, please notify me immediately by telephone at (408) 441-6600 to arrange for return of the documents.

**From:** Jeffrey L. Schaffer [mailto:jschaffer@howardrice.com]
**Sent:** 09/19/2011 7:26 PM
**To:** 'hermerding@msn.com'
**Subject:** FW: Distribution to Howard Rice Firm by Tripath Bankruptcy Estate
**Importance:** High

I think you already got the below email at your olivocpa@msn.com email address, but I see I made a typo in the second, alternative email address of hermerding@msn.com, so I am herewith resending the below email to that alternative address. Regards. JLS

**From:** Jeffrey L. Schaffer
**Sent:** Monday, September 19, 2011 3:49 PM
**To:** 'olivocpa@msn.com'; 'herberding@msn.com'
**Subject:** Distribution to Howard Rice Firm by Tripath Bankruptcy Estate
**Importance:** High

4

As promised, I am here following up on my phone call to you earlier today, regarding the Tripath bankruptcy estate's distribution to the Howard Rice firm on account of its claim in the Tripath bankruptcy case. As we discussed, Howard Rice recently received a check from you, in your capacity as Disbursing Agent, in the amount of $237,786.20 as its final distribution from the Tripath bankruptcy estate. Together with the previous distribution of $16,225.86 made by you in September 2008, Howard Rice has received a total distribution of $253,490.44 from the Tripath bankruptcy estate against Howard Rice's allowed claim of $324,517.25.

As I explained in our call today, in connection with my accounting department's application of the final distribution check, the firm realized something that I thought appropriate to bring to your attention. More specifically, in December 2008, Howard Rice entered into a settlement agreement with two individual clients (former officers of Tripath) who were jointly and severally responsible for at least a portion of the Tripath legal billings, and, as part of that settlement with the two individuals, Howard Rice received from those two individuals a single payment of $50,000 in exchange for a release of those two individuals from any further liability to Howard Rice. Adding that $50,000 sum to the distribution from the Tripath bankruptcy estate, Howard Rice has received a total of $303,490.44 against its claim of $324,517.25.

As we discussed, while Howard Rice still has not been made whole (i.e., including the $50,000 settlement payment from the two individuals, Howard Rice has received less than the amount of its claim), it occurs to me that by virtue of the settlement payment from the two individuals, there is an argument/position that Howard Rice's claim against the Tripath bankruptcy estate was reduced $50,000 to $274,517.25, which would mean that your distributions on behalf of the Tripath bankruptcy estate should have been calculated on a $274,517.25 claim rather than a $324,517.25 claim. (As I explained in our call, at the time the $50,000 settlement payment was received in December 2008, Howard Rice did not think to amend its original proof of claim to take account of the settlement, as Howard Rice did not at that time expect any further material distribution from the Tripath estate because of its insolvency and because any further distribution was predicated on speculative litigation outcomes.) The bottom line: if the $50,000 settlement payment received from the two non-estate parties is properly treated as an offset/reduction against the $324,517.25 claim of Howard Rice. there is a position that Howard Rice has received an over-distribution from the Tripath bankruptcy estate equal to (i) the dividend rate in the Tripath bankruptcy case multiplied by the $50,000 settlement payment, minus (ii) the delta in the higher dividend rate creditors (including Howard Rice) would have received after taking into account that $50,000 reduction in aggregate claims against the estate. If upon reviewing these facts you determine that an over-distribution has been made,

5

please run the distribution calculations pertaining to Howard Rice's claim taking into account a $50,000 reduction in the Howard Rice claim amount on account of the settlement payment from the two non-estate parties, and, assuming we concur with those calculations, I will arrange for the return to you of the appropriate portion of the recent final distribution.

Please feel free to call me if you have any questions. My contact information is below. Regards.

**Jeffrey L. Schaffer**



Three Embarcadero Center, Seventh Floor
San Francisco, CA 94111-4024
415 677 6270 direct    |    415 677 6262 fax

 Please consider the environment before printing this email.

This message and any files or text attached to it are intended only for the recipients named above, and contain information that may be confidential or privileged. If you are not an intended recipient, you must not read, copy, use or disclose this communication. Please also notify the sender by replying to this message, and then delete all copies of it from your system. Thank you.